# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LAURA DWIGHT,                                     :     Case No. 14-cv-6742 (VSB)(AJP)
                                                  :
      Plaintiff,        :
                                                  :
    -against-                     :
                                                  :
JOHN WILEY & SONS, INC.,                          :
                                                  :
      Defendant.        :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY 10036
(212) 850-6100

Robert Penchina
Thomas Curley (pro hac vice)
Thomas Sullivan
*Counsel for Defendant John Wiley & Sons, Inc.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .............................................................................................................1

STATEMENT OF FACTS ................................................................................................3

ARGUMENT .....................................................................................................................4

I.   DWIGHT HAS COME FORWARD WITH NO EVIDENCE
     OF INFRINGEMENT FOR NINETY-SIX OF HER CLAIMS .........................................4

     A.   Dwight Cannot Show that Wiley
          Made Twenty-Nine of the Claimed Uses ................................................5

     B.   Dwight Cannot Show that Wiley Violated
          Her Licenses for Seventy-Two of the Claimed Uses ..............................8

          1.   Use Where Wiley Remained Within the Scope of its License ...................9

               (a)   Unlimited Licenses ....................................................9

               (b)   License Limit Not Exceeded ........................................11

          2.   Uses Where Dwight Has Come Forward With No
               Evidence of Limitations Applicable to Wiley's License
               or that Wiley Exceeded Any Such Limitation .............................15

II.  DWIGHT LACKS A COPYRIGHT REGISTRATION
     FOR THREE OF HER CLAIMS ...................................................................16

III. REUSE OF FIVE OF DWIGHT'S PHOTOS WAS
     PERMISSIBLE UNDER 17 U.S.C. § 201(c) ..............................................17

IV.  ONE OF DWIGHT'S CLAIMS IS INDISPUTABLY
     BARRED BY THE STATUTE OF LIMITATIONS ........................................19

V.   DWIGHT MAY NOT RECOVER STATUTORY
     DAMAGES OR ATTORNEY'S FEES ON CERTAIN CLAIMS ...................20

CONCLUSION ..............................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*,
    150 F.3d 132 (2d Cir. 1998)......................................................................................4

*Cognotec Servs., Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
    862 F. Supp. 45 (S.D.N.Y. 1994).............................................................................20

*Cooley v. Penguin Group (USA) Inc.*,
    31 F. Supp. 3d 599, 611 (S.D.N.Y. 2014)...............................................................19

*Faulkner v. Nat'l Geographic Enters. Inc.*,
    409 F.3d 26 (2d Cir. 2005)................................................................................17, 18

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340 (1991)..................................................................................................4

*Graham v. James*,
    144 F.3d 229 (2d Cir. 1998)...............................................................................8, 14

*Green v. Lindsey*,
    885 F. Supp. 469 (S.D.N.Y. 1992), *aff'd*, 9 F.3d 1537 (2d Cir. 1993) ....................5

*Harris v. Simon & Schuster, Inc.*,
    646 F. Supp. 2d 622 (S.D.N.Y. 2009)......................................................................8

*Hecke v. Clear Channel Commc'ns, Inc.*,
    No. 04 Civ. 1583 (JSR), 2005 WL 975837 (S.D.N.Y. Apr. 27, 2005)..................5, 8

*Jorgensen v. Epic/Sony Records*,
    351 F.3d 46 (2d Cir. 2003).....................................................................................4, 5

*Kronisch v. United States*,
    150 F.3d 112 (2d Cir. 1998)....................................................................................19

*L.A. Printex Indus., Inc. v. Le Chateau, Inc.*,
    No. 11 Civ. 4248 (LTS), 2012 WL 987590 (S.D.N.Y. Mar. 23, 2012)...................16

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014)..............................................................................16, 19

*Reinhardt v. Wal-Mart Stores, Inc.*,
    547 F. Supp. 2d 346 (S.D.N.Y. 2008)......................................................................8

*Secunda v. Time Warner Cable of NYC*,
   No. 95 Civ. 0671 (SAS), 1995 WL 675464 (S.D.N.Y. Nov. 14, 1995) ................................20

*Sheldon Abend Revocable Trust v. Spielberg*,
   748 F. Supp. 2d 200 (S.D.N.Y. 2010)................................................................................4

*Spinelli v. NFL*,
   No. 13 Civ. 7398(RWS), 2015 WL 1433370 (S.D.N.Y. Mar. 27, 2015) ................................8

*Tasini v. N.Y. Times Co.*,
   206 F.3d 161 (2d Cir. 2000).................................................................................8, 16

*Troll Co. v. Uneeda Doll Co.*,
   483 F.3d 150 (2d Cir. 2007)................................................................................20

*Wu v. Pearson Educ., Inc.*,
   No. 10 Civ. 6537 (KBF), 2013 WL 145666 (S.D.N.Y. Jan. 11, 2013) ................................16

**Statutes & Other Authorities**

17 U.S.C.
   § 201(c) ..............................................................................................3, 17, 18
   § 412..................................................................................................20, 21
   § 507(b) ..............................................................................................19

H.R. Rep. No. 94-1476 (1976) ................................................................17, 18

3 William F. Patry, *Patry on Copyright* § 9:16................................................5

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant John Wiley & Sons, Inc. ("Wiley") respectfully submits this Memorandum of Law in support of its Motion for Partial Summary Judgment to dismiss claims made by plaintiff Laura Dwight ("Dwight").

## <u>INTRODUCTION</u>

Over a period of more than twenty years Wiley and Dwight had a mutually beneficial relationship, with Wiley making licensed use of Dwight's stock photos in its publications and Dwight receiving payments, both directly and through her agents, in return.  Dwight is no longer primarily occupied as a  photographer and "do[es] very little licensing now."  Curley Decl., Ex. B at 113:7-11 (Transcript of Deposition of L. Dwight).  Instead,  she is "working on a presently unpaid basis for [her co-plaintiff] Ellen Senisi's start up company," a "provider of online curriculum."  *Id.* at 11:22-12:11.  She still receives some money from licensing her stock photos—in the "last five years, [her] net for [her] direct licensing of [her] photography was somewhere in the neighborhood of 20 to $30,000" plus "about $2,500" from licensing through agents.  *Id.* at 16:14-17:2 & 19:15-19.

Dwight began to read "industry news" about "publishers engaged in [a] practice of underrepresenting how many books they were going to print." *Id.* at 49:6-50:11.  She learned that "[t]here [were] court cases about it.  There were people that [she] knew that had pursued copyright infringement." *Id.* at 50:4-11.  She discussed these copyright cases with Senisi and others, *id.* at 51, and Senisi put her in touch with her attorneys.  *Id.* at 37:14-38:5.  Dwight then got in on the action herself.  She pursued claims against another textbook publisher, and obtained a settlement through which she received *more than twenty five times* her typical yearly licensing income.  *Id.* at 32:1-22.

 Hoping to catch lightning in a bottle again, Dwight brought this case against Wiley.  But, she had no basis for doing so.  Rather, she had only a generalized belief that printing more copies than had been licensed "had become something that publishers did." *Id.* at 49:6-17.  She conceded that she "cannot substantiate her feeling that these violations have occurred," *id.* at 45:1-2, and she had no

"information that showed that Wiley had exceeded any license." *Id.* at 48:5-10.  Rather, she brought

suit because "Wiley would not release information about how [her] photos were used." *Id.* at 44:3-8.

Accordingly, when Dwight initially began this case on May 16, 2013, along with six other

plaintiffs, at that time she sought only a declaration that she had a right to audit Wiley's use of her

photos.  *See* Curley Decl., Ex. KKK.  An amended complaint filed July 15, 2013 added a claim for

copyright infringement.  *Id.*, Ex. LLL.  On March 28, 2014, Judge Swain, to whom that action is

assigned, dismissed all plaintiffs' claim seeking an audit of Wiley, directed one of the plaintiffs to

amend the complaint to assert her individual copyright infringement claims, and dismissed the

remaining plaintiffs, left to assert their surviving claims in new separate actions.  *See id.*, Ex. MMM

at 17.

Five months after her claim that she was entitled to an audit was rejected by the Court,

Dwight filed this action alleging copyright infringement in connection with her licensing transactions

with Wiley, based on her "belie[f] that more copies were copied of books than I licensed."  *Id.*, Ex. B

at 49:6-9.  She pursued these claims even though she "not aware of any instance in which Wiley

violated one of [her] licenses."  *Id.* at 123:1-124:11.  Her First Amended Complaint lists 132

instances of alleged infringement but does not specify how Wiley supposedly infringed her works.[1]

Instead, it lists seven ways which, "upon information and belief," it was theoretically possible for

someone to commit infringement, such as "[p]ublishing Plaintiff's works without permission," or

"[e]xceeding the limitations of licenses by printing more copies of the publications than was

authorized," among other possibilities.  Doc. 29 ("First Am. Compl.") ¶ 28.  Indeed, she has pursued

these claims even though many of the licenses she issued to Wiley contain *no limitation* on the

---

[1] Dwight lists 132 photographs in the exhibit to her First Amended Complaint.  While multiple rows of
the exhibit involve the same photographs and/or publications, and therefore do not allege discrete acts of
infringement, for ease of reference Wiley will refer to each row herein as a separate claim.  *See* Curley
Decl., Ex. A.

number of copies Wiley could print.  Thus, after months of expensive and often scorched earth

discovery conducted by Dwight, the undisputable record demonstrates that there is no basis for 104

of Dwight's claims.

For 29 of the claims made by Dwight, Wiley made no use of the subject photo, including two

instances where Dwight has not even identified which of her photos allegedly were infringed.  For 72

of the infringements claimed by Dwight, Wiley's use was in compliance with the licenses granted to

it by Dwight or her agents or Dwight has offered no evidence of those licenses' limitations, if any.

Five more uses challenged by Dwight were permissible as revisions to a collective work pursuant to

Section 201(c) of the Copyright Act.  Dwight lacks copyright registrations for three of the photos she

claims were infringed.  Finally, at least one of her claims is barred by the statute of limitations.[2]

## STATEMENT OF FACTS[3]

Wiley is a publisher of educational and other books.  Wiley 56.1 ¶ 1.  Dwight formerly was

engaged as a professional photographer who offered her stock photos for licensing, either directly or

through photo agencies such as Corbis and PhotoEdit.  Wiley 56.1 ¶ 2.   Dwight, both directly and

through her authorized agents, has licensed Wiley to include some of her stock photos in various

Wiley publications, and Dwight received payments from Wiley in exchange.  Wiley 56.1 ¶¶ 3-4.

For example, on September 26, 1991, Wiley entered into a licensing agreement with Dwight

which permitted Wiley to include six of Dwight's photos ("tonic neck reflex," "mother and baby

after bath," "cute, chubby, smiling baby," "mother & baby eye contact," "cooperative play- lego

construction," and "boy & girl dancing") in the book *Child Psychology*.  Wiley 56.1 ¶ 43; Curley

Decl., Ex. BB.  This agreement set *no* limit on the number of copies Wiley could print of the book

---

[2] Six of the alleged uses each fail on two separate grounds.
[3] A fuller statement of the facts relevant to this motion are contained in Wiley's Rule 56.1 Statement of Material Facts.

containing Dwight's images.  *Id.*  In the years since, Wiley entered into more than a dozen licensing agreements directly with Dwight.  Wiley 56.1 ¶¶ 43, 49, 58, 66, 73, 90, 96, 98, 104, 108, 116.

Wiley also entered into a number of licensing agreements with Dwight's authorized agents Corbis and PhotoEdit.  For example, on June 19, 2012, Wiley entered into a licensing agreement with PhotoEdit that permitted Wiley to include the photo " six year old Hispanic boy sounding out word reads to his dad helping him with homework at table" in the book *Living Psychology*.  Curley Decl., Ex. VV.  This license granted Wiley "World English language rights for print/e-book/web/all manner of media/custom/derivative works/including international student version" in an unlimited number of copies.  *Id.*

Wiley now moves for summary judgment with respect to most of Dwight's claims.

## ARGUMENT

### I.   DWIGHT HAS COME FORWARD WITH NO EVIDENCE OF INFRINGEMENT FOR NINETY-SIX OF HER CLAIMS

To prevail on her claim for copyright infringement, a plaintiff must prove two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Sheldon Abend Revocable Trust v. Spielberg*, 748 F. Supp. 2d 200, 203 (S.D.N.Y. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  To prove the "unauthorized copying" element of an infringement claim, "a plaintiff must show both that [her] work was 'actually copied' and that the copying amounts to an 'improper or unlawful appropriation.'"  *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (quoting *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 137 (2d Cir. 1998)).

Dwight has come forward with no evidence that Wiley actually copied, distributed, or otherwise used many of her photographs without authorization: Wiley did not make twenty-nine of the uses alleged in the First Amended Complaint, and sixty-seven of the remaining challenged uses

were fully authorized under Wiley's licenses or Dwight has failed to offer evidence of those licenses' terms.  As a result, Dwight's infringement claim should be largely dismissed.

### A.    Dwight Cannot Show that Wiley Made Twenty-Nine of the Claimed Uses

In order to prove copyright infringement, one must show that the alleged infringer actually used the work at issue.  *Hecke v. Clear Channel Commc'ns, Inc.*, No. 04 Civ. 1583 (JSR), 2005 WL 975837, at *1-2 (S.D.N.Y. Apr. 27, 2005); *accord Green v. Lindsey*, 885 F. Supp. 469, 477 (S.D.N.Y. 1992) ("plaintiff must prove that defendant *actually used plaintiff's work* as a source of material or ideas for her own work"), *aff'd*, 9 F.3d 1537 (2d Cir. 1993) (emphasis added); 3 William F. Patry, *Patry on Copyright* § 9:16 (because "[t]here is no presumption of copying," "[a] plaintiff must . . . prove that defendant copied from its work").  If a copyright plaintiff cannot provide evidence to raise an issue of fact as to actual use, summary judgment for the defendant is warranted.  *See, e.g.*, *Hecke*, 2005 WL 975837, at *1-2 (granting summary judgment where plaintiff presented no evidence of copying, finding that "no reasonable fact-finder could conclude that defendant . . . committed infringement" (citing *Jorgensen*, 351 F.3d at 51)).

Here, Wiley's uncontroverted evidence shows that Wiley never made 29 of the alleged uses of Dwight's photographs in the First Amended Complaint:

- Wiley did not publish the textbooks in which Dwight claims ten of her photographs were allegedly used (Rows 73, 74, 94, 95, 96, 97, 103, 106, 107, 130).

  - *Child Psychology First Canadian Edition* (two photographs).  Wiley 56.1 ¶¶ 80-81.

  - *Child Psychology Second Canadian Edition*.  Wiley 56.1 ¶¶ 84-85.

  - *Child Psychology: A Canadian Perspective Third Edition*.  Wiley 56.1 ¶¶ 87-88.

- o *Psychology Around Us Canadian Edition*.  Wiley 56.1 ¶¶ 186-87.

- o *Psychology Around Us Canadian Edition eBook*.  Wiley 56.1 ¶¶ 189-90.

- o *Psychology Around Us Canadian Binder Ready Version*.  Wiley 56.1 ¶¶ 192-93.

- o *Psychology Around Us Second Canadian Edition*.  Wiley 56.1 ¶¶ 195-96.

- o *Cyber Psych Multimedia CD-Rom Version Two*.  Wiley 56.1 ¶¶ 223-24.

- o *Psychology: Australian and New Zealand Edition*.  Wiley 56.1 ¶¶ 226-27.

- Dwight's First Amended Complaint asserts thirteen instances where Wiley allegedly infringed one of her photos in an unspecified manner (Rows 104, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 132), but she has made no showing that Wiley used these photographs.

  - o "3 year old girl pointing to motivational sticker chart"

  - o  "Babysitter putting baby to bed"

  - o "Toddler points at book"

  - o "Piaget conservation"

  - o "Mother nurses young baby"

  - o "Girl does homework with mother looking on"

  - o "Girl makes salad with mother"

  - o "Girl comforts crying infant sister"

  - o "3 year old girl with single mother"

  - o "Baby girl examines ball"

  - o "Baby on back holding toy"

  - o "Newborn baby crying held by mother"

- o "11 month old baby sits on the floor and bangs on metal bowls with wooden spoon"

Wiley 56.1 ¶¶ 269-70.

- Dwight asserts four additional instances where Wiley allegedly used one of her photos in a particular book.  Although Wiley did obtain licenses for these photos, Dwight has come forward with no evidence that the photos ultimately were included in those books (Rows 99, 100, 101, 102).

- o *Nutrition: Science and Applications Second Edition*

- o *Nutrition: Science and Applications Second Edition with Booklet Package*

- o *Nutrition: Science and Applications Second Edition BRV with Booklet Package*

- o *Nutrition: Science and Applications Second Edition eBook*

Wiley 56.1 ¶¶ 199, 205, 211, 217.

- Dwight asserts two additional instances where she claims Wiley made use of her photo in a particular book, but she has not identified which photo of hers Wiley supposedly used: Rows 83, 85.  Wiley 56.1 ¶¶ 161, 164.

These claims accordingly fail.

Dwight's own testimony, far from raising an issue of fact, supports the conclusion that Wiley never made any of these uses.  Dwight admitted at her deposition that "I can't personally prove that these copyright violations have occurred," Curley Decl., Ex. B at 44:16-20, "I don't have specific information about how [my] photos were used," *id.* at 46:17-24, and "I have no factual proof that they have exceeded the license[s]." *Id.* at 47:17-20.  Rather, she merely "think[s] it is possible" that infringement has occurred.  *Id.* at 56:5-8.

In view of Wiley's evidence and Dwight's own testimony, "no reasonable fact-finder could conclude that defendant . . . committed infringement" as to the uses identified above. *Hecke*, 2005 WL 975837, at *2.  Accordingly, to the extent Dwight's copyright claim is based on these twenty-nine uses (Rows 73-74, 83, 85, 94-97, 99-104, 106-07, 114-24, 130, 132),  it must be dismissed.

### B.   Dwight Cannot Show that Wiley Violated Her Licenses for Seventy-Two of the Claimed Uses

A claim of copyright infringement fails where the alleged infringer was granted a non-exclusive license to use the work and the use remains within the scope of that license.  *See Spinelli v. NFL*, No. 13 Civ. 7398(RWS), 2015 WL 1433370, at *36  (S.D.N.Y. Mar. 27, 2015)  ("use of a copyrighted work within the scope of a valid license is non-infringing as a matter of law"); *Harris v. Simon & Schuster, Inc.,* 646 F. Supp. 2d 622, 630 (S.D.N.Y. 2009) ("A valid license, either exclusive or non-exclusive, 'immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor.'" (citation omitted)); *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) ("A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement.").  Where the parties dispute not the existence, but only the scope of a license, "'the copyright owner bears the burden of proving that the defendant's copying was unauthorized.'"  *Tasini v. N.Y. Times Co.,* 206 F.3d 161, 171 (2d Cir. 2000) (citation omitted).  If a plaintiff cannot meet this burden, an infringement claim cannot stand.  *See, e.g., Reinhardt v. Wal-Mart Stores, Inc.,* 547 F. Supp. 2d 346, 355 (S.D.N.Y. 2008) (dismissing infringement claim where disputed use was within scope of license).

1.      **Use Where Wiley Remained Within the Scope of its License**

Wiley is entitled to judgment as a matter of law with respect to sixty-six claims listed in Dwight's First Amended Complaint where the undisputed evidence demonstrates that Wiley had a valid license and its use was in compliance with that license.

(a) **Unlimited Licenses**

For twenty-seven of the instances of infringement claimed by Dwight, any possibility of infringement is foreclosed by the terms of Wiley's licenses, pursuant to which Dwight or her authorized agent granted unlimited rights to Wiley.  Indeed, at her deposition, Dwight conceded that no matter how many copies Wiley may have produced, Wiley did not exceed the terms of these licenses.  Curley Decl., Ex. B at 82:21-25 ("Q. So irrespective of how many copies they ultimately printed and distributed, they wouldn't have violated this license; is that correct? A. Not in terms of how I wrote it."); *id.* at 83:5-8 ("Q. So if they printed any number of copies, they wouldn't have violated this invoice?  A. Not according to the terms that I put on the invoice.").  Thus, the following instances of infringement alleged by Dwight all fail:

| Textbook | Photograph | Exhibit 1 Row | Applicable License(s) |
|---|---|---|---|
| *Child Psychology: The Modern Science First Edition* | tonic neck reflex | 1 | Dwight license number 14191, dated Sept. 26, 1991 |
| | mother & baby after bath | 2 | |
| | cute, chubby, smiling baby | 3 | Wiley 56.1 ¶¶ 43-47. |
| | mother & baby eye contact | 4 | |
| | cooperative play – lego construction | 5 | |
| | boy & girl dancing | 6 | |
| *Child Psychology Second Edition* | Baby tonic neck reflex | 7 | Dwight license number 94157, dated August 25, 1994 |
| | Mother & baby | 8 | |
| | Children in preschool playing | 10 | Wiley 56.1 ¶¶ 49-53. |
| *Child Psychology* | Baby showing tonic neck reflex | 11 | Dwight license number 98132, dated July 21, 1998 |

| | | | |
|---|---|---|---|
| *Third Edition* | Girl 7 mos. old naked happy | 12 | Wiley 56.1 ¶¶ 58-62. |
| | mother and baby in face to face interaction | 13 | |
| | kids in daycare engaged in cooperative play | 14 | |
| *Abnormal Psychology First Edition* | Senior Day Program | 22 | Dwight license number 22369, dated July 12, 2004

Wiley 56.1 ¶¶ 90-94. |
| | Portrait of boy with Down syndrome | 23 | |
| | Girl taking Rorschach inkblot test | 24 | |
| | Girl taking WISC-III picture completion test | 25 | |
| *Living Psychology First Edition* | Boy sounding out word reading with father's assistance | 79 | PhotoEdit license number 226438, dated June 19, 2012

Wiley 56.1 ¶¶ 153-54. |
| *Living Psychology First Edition eBook* | Boy sounding out word reading with father's assistance | 80 | PhotoEdit license number 226438, dated June 19, 2012

Wiley 56.1 ¶¶ 156-57. |
| *Visualizing Nutrition: Everyday Choices Second Edition* | 6-month-old Hispanic baby girl sits in high chair while eating | 81 | PhotoEdit license number 225148, dated August 9, 2011

Wiley 56.1 ¶¶ 168-69. |
| *Visualizing Nutrition: Everyday Choices Second Edition eBook* | 6-month-old Hispanic baby girl sits in high chair while eating | 82 | PhotoEdit license number 225148, dated August 9, 2011

Wiley 56.1 ¶¶ 171-72. |
| *Psychology Around Us Second Edition* | Baby finding hidden toy (twice) | 92, 93 | PhotoEdit license number 225838, dated January 19, 2013

Wiley 56.1 ¶¶ 183-84. |
| *Psychology Around Us Second Canadian Edition*[4] | Baby finding hidden toy | 97 | PhotoEdit license number 225838, dated January 19, 2013

Wiley 56.1 ¶ 197. |
| *Visualizing* | closeup of 6 month old | 111 | PhotoEdit license number 223767, |

[4] As discussed above, this textbook was not published by Wiley. However, even if Dwight believed that this book was published, she had no basis to include this claim given the unlimited license she issued.

| | | | |
|---|---|---|---|
| *Human Biology Third Edition* | baby holding box of rice cereal | | dated August 31, 2010<br><br>Wiley 56.1 ¶¶ 242-43. |
| *Visualizing Human Biology Third Edition Binder Ready Version* | closeup of 6 month old baby holding box of rice cereal | 112 | PhotoEdit license number 223767, dated August 31, 2010<br><br>Wiley 56.1 ¶¶ 245-46. |
| *Visualizing Human Biology Third Edition eBook* | closeup of 6 month old baby holding box of rice cereal | 113 | PhotoEdit license number 223767, dated August 31, 2010<br><br>Wiley 56.1 ¶¶ 252-53. |

(b) **License Limit Not Exceeded**

For another thirty-nine  claimed infringements, the undisputed evidence shows that Wiley

had a valid license for each of these challenged uses and in each case remained in compliance with

the license:

| Textbook | Photograph | Exhibit 1 Row | Applicable License(s) | Licensed Print Run | Actual Print Run |
|---|---|---|---|---|---|
| *Child Psychology Fourth Edition* | Girl 7 mos. old naked happy | 19 | Dwight license number 22311, dated Sept. 15, 2003<br><br>Wiley 56.1 ¶ 66. | 25,000 copies<br><br>Wiley 56.1 ¶ 67. | Less than 25,000 copies<br><br>Wiley 56.1 ¶ 68. |
| | mother and baby in face to face interaction | 20 | | | |
| | kids in daycare engaged in cooperative play | 21 | | | |
| *Abnormal Psychology Second Edition* | WISC-III reimbursement of permissioning fee from Harcourt Assessment | 40 | Dwight license number 22571, dated August 21, 2007<br><br>Wiley 56.1 ¶ 98. | 100,000 copies<br><br>Wiley 56.1 ¶ 99. | Less than 100,000 copies<br><br>Wiley 56.1 ¶ 100. |
| *Foundations and Change in Early Childhood Education First Edition* | 4 month old baby girl holding toy | 26 | Dwight licenses number 22534 and 22534_II, dated January 21, 2007<br><br>Wiley 56.1 ¶ | 40,000 copies<br><br>Wiley 56.1 ¶ 109. | Less than 40,000 copies<br><br>Wiley 56.1 ¶ 110. |
| | preschool 3-4 year olds boys pretending to feed dolls | 27 | | | |
| | multicultural | 28 | | | |

| | | | | | |
|---|---|---|---|---|---|
| | classroom 5 year olds | | 108. | | |
| | Adult observing children playing | 29 | | | |
| | 3-5 year olds playing in cardboard boxes dramatic play area | 30 | | | |
| | small group of multicultural children with teacher circle time | 31 | | | |
| | Parent and child reading book together | 32 | | | |
| | Public school Grade 3 | 33 | | | |
| | Separation preschool parent talking with child | 34 | | | |
| | Boy with Fragile-X and teacher | 35 | | | |
| | Preschool gifted and talented boy with teacher writing and talking about the Greek alphabet | 36 | | | |
| | children caring for fish in aquarium | 37 | | | |
| *Educational Psychology First Edition* | Teacher in Parent Teacher conf | 47 | Dwight license number 22706, dated October 5, 2009 | 100,000 copies | Less than 100,000 copies |
| | Teachers meeting & planning | 48 | | Wiley 56.1 ¶ 117. | Wiley 56.1 ¶ 118. |
| | Teacher mentoring student | 49 | Wiley 56.1 ¶ 116. | | |
| | Two students count on fingers | 50 | | | |
| | French teacher with 2 students | 51 | | | |
| | 10 year old at | 52 | | | |

| | home discussing homework with father | | | | |
|---|---|---|---|---|---|
| | Grade 6 science class | 53 | | | |
| | Teenagers posing in group | 54 | | | |
| | High School knitting elective | 55 | | | |
| | Teacher introduces new concept to group of children | 56 | | | |
| | 2 girls close friendship | 57 | | | |
| | Teacher praising student | 58 | | | |
| | Student working with auto shop mentor | 59 | | | |
| | Teacher meeting with student | 60 | | | |
| | Students using computers | 61 | | | |
| | Students working on computers geography lesson | 62 | | | |
| *Clinical Psychology First Edition* | Black male psychologist gives girl the VMI (Beery) Test | 75 | PhotoEdit license number 221942, dated July 17, 2009<br><br>Wiley 56.1 ¶ 126. | 40,000 copies<br><br>Wiley 56.1 ¶ 127. | Less than 40,000 copies<br><br>Wiley 56.1 ¶ 128. |
| *Clinical Psychology First Edition eBook* | Black male psychologist gives girl the VMI (Beery) Test | 76 | PhotoEdit license number 221942, dated July 17, 2009<br><br>Wiley 56.1 ¶ 133. | 40,000 copies<br><br>Wiley 56.1 ¶¶ 127, 134. | Less than 40,000 copies<br><br>Wiley 56.1 ¶ 135. |
| *Psychology Around Us First Edition* | Baby finding hidden toy | 86 | PhotoEdit license number 222463, dated October 30, 2009 | 100,000 copies<br><br>Wiley 56.1 ¶ 175. | Less than 100,000 copies<br><br>Wiley 56.1 ¶ |

| | | | Wiley 56.1 ¶ 174. | | 178. |
|---|---|---|---|---|---|
| | 2 month old baby looks at mobile | 87 | Corbis license number 1000066564, dated January 15, 2010 | 100,000 copies | |
| | Mother talking with 16 month old baby | 105 | | Wiley 56.1 ¶ 177. | |
| | | | Wiley 56.1 ¶ 176. | | |
| *Social Psychology First Edition* | Toddler girl feeds doll bottle | 110 | PhotoEdit license number 222220, dated September 16, 2009 Wiley 56.1 ¶ 235. | 100,000 copies Wiley 56.1 ¶ 236. | Less than 100,000 copies Wiley 56.1 ¶ 237. |
| *Choosing Childcare for Dummies First Edition* | Preschool boy and girl dressup pretend play Cover photo | 127 | PictureQuest license number P010980800, dated April 1, 2003 Wiley 56.1 ¶ 261. | 100,000 copies Wiley 56.1 ¶ 262. | Less than 100,000 copies Wiley 56.1 ¶ 263. |

Dwight has come forward with no evidence showing that any of the uses made by Wiley identified above were made without authorization or beyond the scope of that authorization, and her testimony raises no issues of fact. *See, e.g.,* Curley Decl., Ex. B at 47:8-11 ("Q. So you don't know whether they exceeded their license limitations in those instances; is that correct?  A. I don't know."). These claims accordingly fail and should be dismissed (Rows 1-8, 10-14, 19-37, 40, 47-62, 75-76, 79-82, 86-87, 92-93, 97, 105, 110-13, 127).  *Graham,* 144 F.3d at 236.

2.    **Uses Where Dwight Has Come Forward With No Evidence of Limitations Applicable to Wiley's License or that Wiley Exceeded Any Such Limitation**

In addition to the claims addressed above, Dwight asserts six other instances where Wiley allegedly exceeded the terms of the license granted to it.  (Rows 78, 98, 99, 100, 101 and 102).  It is undisputed that Dwight's authorized agent, PhotoEdit, issued licenses to Wiley which permitted Wiley to include the subject image in each of the challenged books, and Dwight was paid by her agent in connection with these licenses.  First Am. Compl., Ex. 1; Patelli Decl. ¶¶ 3-4; Curley Decl., Exs. SS, UU, BBB.  Dwight has come forward with no evidence demonstrating what limitations, if any, were placed on Wiley's authorized uses identified below:

| Textbook | Photograph | Exhibit 1 Row | Evidence of License |
|---|---|---|---|
| *Personality: Theory and Research Ninth Edition* | Man taking WAIS-R | 98 | First Am. Compl., Ex. 1; Curley Decl., Ex. SS |
| *Personality: Theory and Research Eleventh Edition* | Man taking WAIS-R | 78 | First Am. Compl., Ex. 1; Curley Decl., Ex. UU. |
| *Nutrition: Science and Applications Second Edition*[5] | 6-month-old Hispanic baby girl sits in high chair while eating iron fortified rice cereal being spoon fed to her by her older sister at home | 99 | First Am. Compl., Ex. 1; Curley Decl., Ex. BBB. |
| *Nutrition: Science and Applications Second Edition with Booklet Package* | 6-month-old Hispanic baby girl sits in high chair while eating iron fortified rice cereal being spoon fed to her by her older sister at home | 100 | First Am. Compl., Ex. 1; Curley Decl., Ex. BBB. |
| *Nutrition: Science and Applications Second Edition BRV with Booklet Package* | 6-month-old Hispanic baby girl sits in high chair while eating iron fortified rice cereal being spoon fed to her by her older sister at home | 101 | First Am. Compl., Ex. 1; Curley Decl., Ex. BBB.. |
| *Nutrition: Science* | 6-month-old Hispanic baby girl sits | 102 | First Am. Compl., Ex. 1; |

---

[5] For each of the four uses in the *Nutrition: Science and Applications Second Edition* family, as discussed above, Dwight has also failed to show that the photograph in question was even

| *and Applications Second Edition eBook* | in high chair while eating iron fortified rice cereal being spoon fed to her by her older sister at home | | Curley Decl., Ex. BBB. |
|---|---|---|---|

Because Dwight has not shown that any limitations were applicable to Wiley's use, these claims fail. *See Tasini*, 206 F.3d at 171 (where parties dispute scope of license, "'the copyright owner bears the burden of proving that the defendant's copying was unauthorized'" (citation omitted)); *see also Wu v. Pearson Educ., Inc.*, No. 10 Civ. 6537 (KBF), 2013 WL 145666, at *5 n.9 (S.D.N.Y. Jan. 11, 2013) (noting it is plaintiff's "responsibility, over the course of . . . litigation, to assemble some proof for his case").

## II.   DWIGHT LACKS A COPYRIGHT REGISTRATION FOR THREE OF HER CLAIMS

"The absence of a valid copyright registration . . . bar[s] a plaintiff from bringing a viable copyright infringement action." *L.A. Printex Indus., Inc. v. Le Chateau, Inc.*, No. 11 Civ. 4248 (LTS), 2012 WL 987590, *3 & n.4 (S.D.N.Y. Mar. 23, 2012); *see, e.g., Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014).  Here, the evidence shows that Dwight lacks a copyright registration for three of her photographs.

Due to Dwight's initial failure to identify copyright registrations underlying her claims, Magistrate Judge Peck ordered her to produce a list of his photos in suit, with "all of the photographs linked to the copyright registrations" that cover each specific photo, and "an affidavit . . . as to the accuracy of that representation."  Curley Decl., Ex. NNN at 6:12-14. Dwight submitted a declaration dated January 6, 2015, and then provided an amended declaration a week later, on January 13, 2015. *See id.*, Ex. G.  Neither of her declarations, however, identify any registration covering the following images for which she has asserted claims:

- "3rd Grade Children in NY Elementary School" in *Foundations and Change in Early Childhood Education First Edition* (Row 89).  Wiley 56.1 ¶ 114.

- "Paren [sic] kneeling with toddler" in *Foundations and Change in Early Childhood Education First Edition* (Row 90).  Wiley 56.1 ¶ 114.

- "Boy with 3 glasses" in *Development of Children and Adolescents First Edition* (Row 72).  Wiley 56.1 ¶ 124.

Because Dwight has come forward with no evidence that these three photos are covered by a valid and subsisting copyright registration, her claims relating to these photographs (Rows 72, 89, 90) fail.

## III.  REUSE OF FIVE OF DWIGHT'S PHOTOS WAS PERMISSIBLE UNDER 17 U.S.C. § 201(c)

Five of Dwight's claims challenge Wiley's use of Dwight's photos in later editions of the books for which Wiley originally was licensed to include those photos.  These claims are barred as a matter of law because such use is permitted as a revision to a collective work pursuant to Section 201(c) of the Copyright Act.  *See* 17 U.S.C. § 201(c).

The respective rights of the creator of a collective work, such as a textbook, and the creators of the individual contributions to that collective work, such as photos, are governed by section 201(c).  Section 201(c) specifies that, while copyright in an individual contribution like a photo "vests initially in the author of the contribution," the holder of the copyright in the collective work (*i.e.,* the textbook) obtains "the privilege of reproducing and distributing the contribution as part of that particular collective work, *any revision of that collective work,* and *any later collective work in the same series*."  (Emphasis added).  As the Second Circuit observed, under Section 201(c), "'a publishing company could reprint a contribution from one issue in a later issue of its magazine, and could reprint an article from a 1980 edition of an encyclopedia in a 1990 revision of it.'"  *Faulkner v.*

*Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 34 (2d Cir. 2005) (quoting H.R. Rep. No. 94-1476, at 122-123 (1976)).

Dwight claims (in row 9) that Wiley made unauthorized use of her photo "cute, chubby, smiling baby" by including it in the second edition of the book *Child Psychology*.  It is undisputed, however, that Wiley was licensed to include that photo in the prior collective work in that same series—the first edition of *Child Psychology*. Curley Decl., Ex. BB.  Because none of the terms of that license "expressly overrid[e] Section 201( c)," Wiley's inclusion of "cute, chubby, smiling baby" in the second edition is a permitted non-infringing revision under Section 201(c).  *Faulkner*, 409 F.3d at 40.  The same is true for the following uses challenged by Dwight:

| Challenged Revision | Photograph | Exhibit 1 Row | Licensed Prior Edition in Same Series |
|---|---|---|---|
| *Child Psychology*, 3e, Int'l Edition | Baby showing tonic neck reflex | 15 | *Child Psychology*, 3e, Wiley 56.1 ¶¶ 58, 59, 64; Curley Decl., Ex. GG |
| *Child Psychology*, 3e, Int'l Edition | Girl 7 mos. old naked happy | 16 | *Child Psychology*, 3e, Wiley 56.1 ¶¶ 58, 59, 64; Curley Decl., Ex. GG |
| *Child Psychology*, 3e, Int'l Edition | mother and baby in face to face interaction | 17 | *Child Psychology*, 3e, Wiley 56.1 ¶¶ 58, 59, 64; Curley Decl., Ex. GG |
| *Child Psychology*, 3e, Int'l Edition | kids in daycare engaged in cooperative play | 18 | *Child Psychology*, 3e, Wiley 56.1 ¶¶ 58, 59, 64; Curley Decl., Ex. GG |

Thus, the Court should grant Wiley summary judgment with respect to these claims (Rows 9, 15-18).

## IV.   ONE OF DWIGHT'S CLAIMS IS INDISPUTABLY BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations for copyright infringement claims is three years.  17 U.S.C. § 507(b).  The Second Circuit has held that copyright claims accrue upon actual or constructive discovery of the alleged infringement.  *Psihoyos*, 748 F.3d at 125.  Thus the claim accrues "when the copyright holder discovers, or with due diligence should have discovered, the infringement."  *Cooley v. Penguin Group (USA) Inc.*, 31 F. Supp. 3d 599, 611 (S.D.N.Y. 2014).  As the Second Circuit has noted in describing the diligence-discovery rule more broadly, once a plaintiff has a "hunch, hint, suspicion, or rumor of a claim," such suspicions "give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence."  *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998).

Here, Dwight alleges that Wiley used her photograph "cute, chubby, smiling baby" without a license in its textbook *Child Psychology Second Edition* (Row 9).  First Am. Compl., Ex. 1.  Dwight was indisputably on notice of Wiley's potentially infringing use of this photograph no later than July 21, 1998.  On that date, Dwight wrote a letter to Hillary Newman, a senior photo editor at John Wiley & Sons in connection with the licensing process for the same photographs in the third edition of the same book.  She stated that "life was too short to try and figure out" if "cute, chubby, smiling baby" was used in the second edition of *Child Psychology*, and so was giving Wiley the discounted reuse rate.  Wiley 56.1 ¶ 54, Curley Decl., Ex. FF.   Thus, Dwight had at least a hint at a possible infringement claim, requiring her to exercise due diligence to inquire into its possible existence.  Dwight was required to bring suit on this claim no later than July 21, 2001, more than a decade before this suit was brought.  Thus this claim (Row 9) is time barred and should be dismissed.[6]

---

[6] All of Dwight's claims ultimately should be barred by the statute of limitations.  Because application of the statute of limitations to other of Dwight's claims may present factual issues, and those claims fail for other reasons, Wiley has not moved on statute of limitations grounds for those claims (but reserves its

**V.     DWIGHT MAY NOT RECOVER STATUTORY DAMAGES OR ATTORNEY'S FEES ON CERTAIN CLAIMS**

To the extent Dwight's claims survive dismissal, Dwight should not be entitled to statutory damages or attorney's fees for 13 of her claims because she did not register the copyrights at issue until after the alleged infringements occurred. [7]

The Copyright Act expressly states that:  "*no* award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright in an unpublished work commenced *before the effective date of its registration*."  17 U.S.C. § 412 (emphasis added); *see, e.g.*, *Secunda v. Time Warner Cable of NYC*, No. 95 Civ. 0671 (SAS), 1995 WL 675464, at *2 (S.D.N.Y. Nov. 14, 1995) ("No award of statutory damages or attorney's fees may be made for an infringement of copyright occurring prior to the effective date of copyright registration."); *Cognotec Servs., Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 862 F. Supp. 45, 52 (S.D.N.Y. 1994) ("Any awards of statutory damages or of attorney's fees are precluded when the infringement occurs prior to the effective date of registration.").  Moreover, "a plaintiff may not recover statutory damages and attorney's fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration."  *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007).

The following claimed copyright registrations were all made after the commencement of the allegedly infringing conduct:

---

right to do so, if necessary, at trial).

[7] To the extent other of Dwight's claims survive summary judgment, Wiley will demonstrate at trial that Dwight is also not entitled to statutory damages and attorney's fees with respect to those claims.

| Photograph | Exhibit 1 Row(s) | Date of Copyright Registration | Earlier Allegedly Infringing Use |
|---|---|---|---|
| Mother & baby eye contact/Mother & baby/Mother and baby in face to face interaction | 91 | August 18, 2012<br><br>Wiley 56.1 ¶ 16 | Prior to May 1, 2003<br><br>Wiley 56.1 ¶ 271 |
| Cooperative play- lego construction/Children in preschool playing/ Kids in daycare engaged in cooperative play | 45, 46 | August 18, 2012<br><br>Wiley 56.1 ¶ 16 | Prior to May 1, 2003<br><br>Wiley 56.1 ¶ 271 |
| Portrait of boy with Down syndrome/Child with Down syndrome | 41 | May 6, 2014<br><br>Wiley 56.1 ¶ 18 | Prior to May 1, 2005<br><br>Wiley 56.1 ¶ 272 |
| 6-month-old Hispanic baby girl sits in high chair while eating iron fortified rice cereal being spoon fed to her by her older sister at home | 84 | August 17, 2010<br><br>Wiley 56.1 ¶ 35 | October 27, 2009<br><br>Wiley 56.1 ¶ 273 |
| Man taking WAIS-R test | 77 | August 16, 2012<br><br>Wiley 56.1 ¶ 16 | March 4, 2004<br><br>Wiley  56.1 ¶ 274 |

Indeed, in many cases, Dwight registered the photograph in question years after it was first used by Wiley, including in some cases as late as 2014.  As a result, under 17 U.S.C. § 412, Dwight's registration of these photographs is too late to support an election of statutory damages.

## CONCLUSION

For the foregoing reasons, Wiley respectfully requests that the Court grant its motion for partial summary judgment.

Dated: April 30, 2015                     Respectfully submitted,


                                          LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                                          By: _____/s/ Robert Penchina_____
                                                  Robert Penchina
                                                  Thomas Curley (*pro hac vice*)
                                                  Thomas Sullivan
                                          321 West 44th Street, Suite 510
                                          New York, NY 10036
                                          Tel. (212) 850-6109
                                          Fax (212) 850-6299
                                          rpenchina@lskslaw.com

                                          *Counsel for John Wiley & Sons, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2015, I caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** to be filed with the Court through the ECF system, which generates an electronic notice of service by email to the following counsel of record:

> Danial A. Nelson, Esq.
> Kevin P. McCulloch, Esq.
> NELSON & McCULLOCH LLP
> 155 East 56th Street
> New York, N.Y. 10022
> (212) 355-6050
> Email – dnelson@nelsonmcculloch.com;
> kmcculloch@nelsonmcculloch.com
>
> *Counsel for Plaintiff Laura Dwight*

*/s/ Robert Penchina*